UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-119-FDW

| | |
|---|---|
| DERRICK R. PARKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. 1).

**I. BACKGROUND**

Petitioner was found guilty by a jury of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base and was sentenced to 360 months' imprisonment. (5:18-cv-119, Doc. No. 117). On direct appeal he raised an issue relating to jury selection and juror misconduct, challenged a pair of evidentiary rulings, and contended that there was insufficient evidence to support the Court's drug weight findings at sentencing. The Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Blackwell, 436 Fed. Appx. 192 (4th Cir. 2011). The United States Supreme Court denied certiorari on January 17, 2012. Parks v. United States, 132 S.Ct. 1093 (2012).

Petitioner filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 on January 22, 2013, case number 5:13-cv-12. The Court denied § 2255 relief and specifically rejected a claim pursuant to Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because Petitioner was sentenced pursuant to the advisory guidelines and

1

his sentence was not enhanced under the Controlled Substances Act. Parks v. United States, 2014 WL 4233240 (W.D.N.C. Aug. 26, 2014). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. United States v. Parks, 589 Fed. Appx. 213 (4th Cir. 2015).

On December 8, 2015, the Court reduced Petitioner's sentence to 292 months' imprisonment pursuant to U.S. Sentencing Guidelines Amendment 782. (5:18-cv-119, Doc. No. 171).

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 25, 2018, while he was incarcerated at the Bennettsville FCI in Bennettsville, South Carolina. (Doc. No. 1). He argues that § 2255 is inadequate or ineffective to challenge his conviction or sentence because he was unable to appeal an erroneous sentence enhancement under Carachuri-Rosendo and Simmons. Petitioner asks the Court to address his sentencing claim on the merits.

The United States filed a Response arguing that the Court lacks subject-matter jurisdiction, personal jurisdiction, and venue to entertain the § 2241 petition and, in any event, Simmons has no effect on Petitioner's sentence. (Doc. No. 7).

Petitioner filed a Reply arguing that his § 2241 petition should be reviewed on the merits pursuant to United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), *certiorari denied* 139 S.Ct. 1318 (2019).

In an unsigned *pro se* filing entitled "Under Rule Fed. R. Civ. 41 to Withdraw a Motion," (Doc. No. 9), docketed on July 26, 2019, Petitioner asks to withdraw his § 2241 petition from this Court's consideration due to lack of jurisdiction.

II. **LEGAL STANDARDS**

An inmate attacking custody resulting from a federally-imposed sentence may bring a

petition for writ of habeas corpus under § 2241 alleging that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, a habeas corpus petition on behalf of a prisoner who is authorized to apply for relief pursuant to § 2255 "shall not be entertained" if it appears that the applicant failed to apply for relief to the sentencing court, or that such relief has been denied, unless it also appears that the § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Wheeler, 886 F.3d at 429.

"Jurisdiction" in the context of § 2241 traditionally lies in the district of confinement. 28 U.S.C. § 2241(a). However, "jurisdiction" in the context of § 2241(a) is distinct from subject-matter jurisdiction and is subject to waiver. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43, 434 n.7 (2004) (noting that "jurisdiction" is capable of different interpretations, and distinguishing the "jurisdiction" discussed in § 2241(a) from subject-matter jurisdiction); Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (§ 2241(a) refers to either venue or personal jurisdiction, both of which are subject to waiver).

### III. DISCUSSION

The Government has asserted lack of personal jurisdiction and venue in this § 2241 action, and the record reflects that Petitioner was not confined in the Western District of North Carolina when he filed his § 2241 Petition. The § 2241 petition should therefore be decided in the district where Petitioner is confined. 28 U.S.C. § 2241(a); Padilla, 542 U.S. at 443. Although such an action would ordinarily be transferred to the appropriate venue, Petitioner has indicated his desire to have this action dismissed and refile his § 2241 petition in the district where he is confined. See

3

(Doc. No. 9).[1]

**IT IS, THEREFORE, ORDERED** that

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

2. The Clerk of Court is instructed to close this case.

Signed: September 12, 2019

Frank D. Whitney
Chief United States District Judge

---

[1] Petitioner's Notice of Withdrawal fails to satisfy Rule 41(a)(1)(A)(i) and does not operate as an automatic dismissal. Id. (notice of dismissal must be filed before the opposing party files an answer or motion for summary judgment). Nor does the Notice satisfy Rule (a)(1)(A)(ii) because it does not contain a signed stipulation by all parties who have appeared. In any event, the Notice is moot insofar as dismissal is warranted under § 2241(a).